UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICKY PATU,

                Plaintiff,

    v.

LONN TURNER,

                Defendant.

CASE NO. C15-1049-MJP-JPD

REPORT AND RECOMMENDATION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Ricky Patu is a state prisoner who is currently confined at the Monroe Correctional Complex-Special Offender Unit ("MCC-SOC"). He is proceeding with this action *pro* se and *in forma pauperis*. Plaintiff submitted his original complaint to the Court for filing in June 2015. (*See* Dkt. 1.) He asserted therein that Lonn Turner, the manager of the inmate store at MCC-SOU, reduced the number of days SOU offenders were permitted to access the store each month in violation of plaintiff's rights under the Eighth Amendment. Plaintiff requested as relief in his original complaint that the prior schedule, which provided weekly access to the store, be reinstated.

REPORT AND RECOMMENDATION
PAGE - 1

After reviewing plaintiff's complaint, this Court concluded that plaintiff had not adequately alleged any cause of action under § 1983. Thus, on July 20, 2015, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to file an amended complaint. (Dkt. 6.) The Court identified in its Order the standard that plaintiff would have to meet in order to proceed with this action. (*Id*.) Specifically, the Court advised that in order to sustain a civil rights action, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Court also advised that in order to establish an Eighth Amendment violation, a plaintiff must demonstrate that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Court went on to explain that the state of mind requirement has been defined as "deliberate indifference" to an inmate's health or safety, and that under the "deliberate indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *See id*. at 834, 837.

The Court noted with respect to plaintiff's claim against Mr. Turner that plaintiff failed to specify what harm he had suffered as a result of Mr. Turner's actions. (*See* Dkt. 6 at 3.) The Court further noted that the sparse facts set forth in the complaint did not demonstrate that Mr. Turner disregarded a known risk to plaintiff's health or safety when he reduced the number of days each month SOU inmates were permitted to access the inmate store.

REPORT AND RECOMMENDATION
PAGE - 2

Plaintiff was granted thirty days within which to file an amended complaint curing the deficiencies identified by the Court, and he was advised that his failure to timely file an amended complaint, or to correct the identified deficiencies, would result in a recommendation that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B).  (Dkt. 6 at 2-3.)  Plaintiff submitted a timely amended complaint to the Court for filing on August 3, 2015.  (Dkt. 7.)  However, a review of the amended pleading reveals that plaintiff has not adequately corrected the deficiencies identified in the Court's prior Order.

Plaintiff asserts in his amended complaint that inmates housed in the Intensive Management Unit at his facility are given access to the inmate store four times each month, while inmates in plaintiff's unit are given access to the inmate store only two times each month. (Dkt.  Plaintiff alleges that this disparity in access, and Mr. Turner's refusal to reinstate the prior schedule which provided weekly access to the store, violates his rights under the Eighth Amendment.  Even accepting the scant facts alleged in plaintiff's amended complaint as true, plaintiff has failed to adequately allege any violation of his Eighth Amendment rights.  Plaintiff does not specify in his amended complaint what harm he suffered as a result of Mr. Turner's actions and, once again, the sparse facts alleged by plaintiff do not demonstrate that Mr. Turner disregarded any known risk to plaintiff's health or safety when he refused to reinstate a schedule giving SOU inmates weekly access to the inmate store.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C.

REPORT AND RECOMMENDATION
PAGE - 3

§ 1915(e)(2)(B).  Because plaintiff has not alleged in his amended civil rights complaint sufficient facts to sustain a cause of action under § 1983, this Court recommends that plaintiff's amended complaint, and this action, be dismissed without prejudice pursuant to § 1915(e)(2)(B).  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **September 8, 2015**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 11, 2015**.

DATED this 18th day of August, 2015.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4